IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE MARK A. JALAJEL, *et al.* ) | |
| ) | |
| Debtors ) | Docket Number: 1:09-bk-1453-RGM |
| ) | |
| RAY PUGSLEY ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Adversary Proceeding: 1:09-ap-01141-RGM |
| ) | |
| MARK A. JALAJEL ) | |
| ) | |
| Defendant ) | |
| ) | |
| **MARK A. JALAJEL** ) | |
| ) | |
| **Appellant** ) | |
| ) | |
| v. ) | **Civil Action: 1:11-cv-00163-LMB-IDD** |
| ) | |
| **RAY PUGSLEY** ) | |
| ) | |
| **Appellee** ) | |

## APPELLEE BRIEF

Appellant Ray Pugsley states as follows:

# TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

COUNTER STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE AND PROCEEDINGS BELOW . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.    ANALYSIS OF JALAJEL'S FACTUAL ASSERTIONS . . . . . . . . . . . . . . . . . . . . . . 2

B.    CONCLUSIONS OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

REQUEST FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

Page:

**CASES**

*Guardian Industries v. Diodati*, 9 B.R. 804 (Bankr. D. Mass 1981) . . . . . . . . . . . . . . . . . . . . . . 4

*In re Crystal Beach Manor*, 649 F.2d 213-215-6 (4th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Eskenazi*, 6 B.R. 366 (9th Cir. BAP 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Kurdoghilian*, 30 B.R. 500 (9th Cir. BAP 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Meredith,* 527 F.3d 372 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Mezvinsky*, 265 B.R. 681 (Bankr. E.D. Pa. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Payeur*, 22 B.R. 516 (1st Cir. BAP 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES**

11 U.S.C. § 727(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. §§ 727(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

11 U.S.C. § 727(a)(4) is:. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**RULES OF COURT**

Fed. R. Bankr. P. 8013 . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## COUNTER-STATEMENT OF ISSUES PRESENTED

The dispositive questions for this Court to consider are whether Judge Mayer was clearly erroneous in finding that Mr. Jajalel violated 11 U.S.C. §§ 727(a)(2)(B) and (4) when Mr. Jalajel filed false schedules and converted property of the estate for his own purposes; and whether Judge Mayer was correct in concluding that Mr. Jalajel's conduct justified denial of a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(B) or (4).

## STATEMENT OF THE CASE AND PROCEEDINGS BELOW

Mr. Jalajel filed his voluntary petition for relief on February 27, 2009

Mr. Pugsley timely filed a complaint to object to Mr. Jalajel's discharge.

Judge Mayer held a trial on July 15-6, 2010 upon the allegations of the second amended complaint. At trial, documents were introduced into evidence and witnesses testified. Judge Mayer issued a Memorandum Opinion (the "Memorandum")[1] and entered an order denying Mr. Jajalel a discharge on October 8, 2010.

## STATEMENT OF RELEVANT FACTS

Mr. Pugsley relies upon the Findings of Fact set out in the Memorandum. However, by way of summary, Mr. Pugsley requests that this Court consider the following:

Mr. Jalajel filed his voluntary petition on February 27, 2009. *See* Memorandum at 1.

On March 2, 2009 and March 11, 2009, and May 1, 2009, Mr. Jalajel sold jewelry valued [respectively] at $2,200, $2,000, and $7,000. *Id.* at 2.

As of the date of the voluntary petition, Mr. Jalajel also had jewelry with a purchase-price valuation of $95,815. *Id*. at 3.

Based upon the valuations Mr. Jalajel had in hand as of the date he signed his schedules, the jewelry which was not sold should have been worth $12,168. *Id.* at 3.

---

[1] *See* Appellee Designation at Item 18.

On March 31, 2009, Mr. Jalajel filed his schedules and statement of financial affairs.[2]

Neither the jewelry which was retained by Mr. Jalajel, nor the jewelry that was sold, nor the proceeds of the jewelry which was sold were set forth in Mr. Jalajel's schedules. There was no disclosure of these activities in the statement of financial affairs.

## STANDARD OF REVIEW

Fed. R. Bankr. P. 8013 provides:

> Findings of fact… shall not be set aside unless clearly erroneous, and due regard shall be given to the bankruptcy court to judge the credibility of the witnesses.

In reviewing a decision of the bankruptcy court, a district court reviews findings of fact for clear error and conclusions of law *de novo*. *In re Meredith,* 527 F.3d 372, 375 (4th Cir. 2008). A finding of fact is clearly erroneous if, after a review of the record, the appellate court is left with a firm and definite conviction that error has been committed. *In re Kurdoghilian*, 30 B.R. 500, 501 (9th Cir. BAP 1983).

## ARGUMENT

### A. ANALYSIS OF MR. JALAJEL'S FACTUAL ASSERTIONS

Much if not all of the information which Mr. Jalajel presents in the "Background" of his Appellant's Brief [and the contentions in ¶¶ (1)-(5), (7)-(13) and (10)-(13) his appellant's designation] is [are] material which this Court cannot consider in determining whether Judge Mayer erred in denying Mr. Jalajel a discharge. The "Background" information is almost identical to the information which Mr. Jalajel's counsel provided to the bankruptcy judge in the course of post-trial written submissions.[3] While this material may have been appropriate to raise before Judge Mayer, given that Mr. Jalajel did not designate the same material which Judge

---

[2] *Id.* at 2 and Appellee Designation at Item 1.

[3] *See* Appellee Designation at Items 14 and 15.

Mayer considered, this Court should not consider factual assertions which were not adopted by Judge Mayer. There are also instances where Mr. Jalajel puts forth factual assertions which were in fact rejected by the bankruptcy judge. On page 2 of the Memorandum, Mr. Jajalel makes reference to "emails provided to the court submitted with the designation of issues." These matters cannot be considered because the emails were not introduced into evidence at trial and were never considered by the bankruptcy judge. Also, on page 2 of the Appellant's Brief, Mr. Jalajel contends that he was "unclear" as to certain issues, that he "relied upon his counsel" as to certain issues, and that his counsel "failed to advise" him as to certain issues. However, Judge Mayer flatly rejected each of these contentions. *See* Memorandum at 9.

Mr. Jajalel bears the burden to demonstrate that Judge Mayer's findings of fact were clearly erroneous. *In re Eskenazi*, 6 B.R. 366, 369 (9th Cir. BAP 1980). Mr. Jajalel has the burden present information which this Court could consider to determine whether the findings of fact were erroneous. *In re Payeur*, 22 B.R. 516, 519 (1st Cir. BAP 1982). This responsibility includes providing the Court with an adequate transcript. *In re Crystal Beach Manor*, 649 F.2d 213-215-6 (4th Cir. 1981). As a result, Judge Mayer's findings of fact cannot be impeached and must be confirmed.

B. **CONCLUSIONS OF LAW**

Mr. Pugsley adopts the Conclusions of Law set forth by Judge Mayer, as if set forth at this point. To quote Judge Mayer:

> The bankruptcy bargain is straightforward. The debtor gets a fresh start. In return, he must be honest, his financial condition and affairs must be transparent, and he must surrender his non-exempt assets. In this case, the debtor did not live up to his part of the bargain. His schedules were false. His jewelry assets were unclear. He converted property of the estate for his own purposes.

Memorandum at 10. In *In re Mezvinsky*, 265 B.R. 681 (Bankr. E.D. Pa. 2001), a bankruptcy judge observed:

> A discharge in bankruptcy . . . must be earned . . . . The Bankruptcy Code makes complete financial disclosure a "condition precedent" to discharge. . . . In short, the global purpose of [11 U.S.C. § 727(a)] is to relieve creditors from the burden of "discovering" assets and to place [the burden] where it rightly belongs, upon the debtor.

265 B.R. at 690. Also, as stated in *Guardian Industries v. Diodati*, 9 B.R. 804 (Bankr. D. Mass 1981), the purpose of 11 U.S.C. § 727(a)(4) is:

> to ensure that dependable information is supplied to those interested in the administration of the bankruptcy estate on which they can rely without the need of the trustee or other interested party to dig out the true facts.

9 B.R. at 807.

## REQUEST FOR RELIEF

Mr. Pugsley requests that this Court enter an order dismissing this appeal and otherwise affirming the order of the Bankruptcy Court denying Mark Jalajel a discharge.

Respectfully submitted by:

*/s/ John P. Forest, II*
John P. Forest, II, VSB# 33089
STAHLZELLOE, P.C.
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
Telephone: (703) 691-4940
Facsimile: (703) 691-4942
Email: j.forest@stahlzelloe.com
Counsel for Appellee Ray Pugsley

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 23, 2011, that I will electronically file a true and correct copy of the foregoing APPELLEE BRIEF with the Clerk of the Court, which will in turn issue a Notice of Electronic Filing to [N/A] and that I will mail a true and correct copy of the foregoing APPELLEE BRIEF to the following non-registered user:

        Mark A. Jalajel
        4410 Coventry Glen Dr.
        Woodbridge, VA 22192
        [with a courtesty copy via
            mjalajel@comcast.net]

        */s/ John P. Forest, II*
        John P. Forest, II, VSB# 33089
        STAHLZELLOE, P.C.
        11350 Random Hills Road, Suite 700
        Fairfax, Virginia 22030
        Telephone: (703) 691-4940
        Facsimile: (703) 691-4942
        Email: j.forest@stahlzelloe.com
        Counsel for Appellee Ray Pugsley