IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARK A. JALAJEL ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | 1:11cv163 (LMB/IDD) |
| ) | |
| RAY PUGSLEY ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

Before the Court is a pro se appeal from an order of the United States Bankruptcy Court for the Eastern District of Virginia denying appellant a discharge in bankruptcy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.[1] For the reasons stated below, the decision of the bankruptcy court will be affirmed and this appeal will be dismissed.

## I. Background

Appellant Mark Jalajel filed a joint petition with his wife under Chapter 7 of the Bankruptcy Code on February 27, 2009. He filed his schedules and a statement of his financial affairs approximately one month later, on March 31, 2009. See Dkt. No. 2 [Bankruptcy Record] at Ex. 1 (appending those schedules and a Summary of Schedules). Appellee Ray Pugsley then timely filed a

---

[1] We note, however, that appellant elected not to file any reply brief in this action.

complaint objecting to Jalajel's discharge, arguing that Jalajel had undervalued and failed to schedule some of his assets, thereby making a false oath under 11 U.S.C. § 727(a)(4)(A), and that he had sold or concealed some of his assets with the intent to hinder, delay, or defraud, in violation of 11 U.S.C. § 727(a)(2)(A) & (B). See Second Amend. Compl. to Object to Discharge Pursuant to 11 U.S.C. §§ 727.

On July 15-16, 2010, the United States Bankruptcy Court for the Eastern District of Virginia held a trial on appellee's allegations. Judge Mayer then issued a Memorandum Opinion and Order on October 8, 2010, denying Jalajel's requested discharge. See Dkt. No. 2 at Exs. 18 & 19 (October 8, 2010 Memorandum Opinion and Order). The Memorandum Opinion included factual findings that Jalajel had sold jewelry to a pawn shop in three separate post-petition transactions for a total of $11,200.00,[2] and that he had undervalued certain jewelry as assets in his schedule, such as by listing some "necklaces, earrings, bracelets, and watch" as having an aggregated value of approximately $1,500.00, when the true value was substantially more than that, and by listing a Rolex watch worth at least $3,000.00 as simply "watch" and valuing it at only $100.00. See id. at Ex. 18 at 3-4; 6-7.

Jalajel now appeals from the denial of discharge, arguing that

---

[2] Specifically, on March 2, 2009, March 11, 2009, and May 1, 2009, the court found that Jalajel sold jewelry valued at $2,200.00, $2,000.00, and $7,000.00, respectively. Id. at 3.

2

such a denial was not appropriate because he lacked fraudulent intent, was relying on his counsel's advice in completing his schedules of assets and statements of financial affairs, and because any undervaluation of assets was de minimis and immaterial.

## II. Standard of Review

In reviewing a decision of a bankruptcy court, we review findings of fact for clear error, and conclusions of law de novo. In re Meredith, 527 F.3d 372, 375 (4th Cir. 2008). Specifically, Fed. R. Bankr. P. 8013 provides that:

> Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the bankruptcy court to judge the credibility of the witnesses.

A finding of fact is only clearly erroneous if, after review of the record, the reviewing court is left with a firm and definite conviction that an error has been committed. See Klein v. PepsiCo, Inc., 845 F.2d 76, 79 (1988).

## III. Discussion

The Court finds no reversible error in the bankruptcy court's decision to deny Jalajel a discharge in bankruptcy. That decision will therefore be affirmed.

### A. False Oath

11 U.S.C. § 727(a)(4)(A) provides that "[t]he court shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently . . . made a false oath or account." A material

3

omission from a debtor's sworn schedules or statement of affairs is a false oath and may be grounds for denying discharge to a debtor. See Butler v. Ingle (In re Ingle), 70 B.R. 979, 983 (Bankr. E.D.N.C. 1987). For the purposes of assessing eligibility for discharge, a material false oath or omission is one which "bears a relationship to the debtor's . . . estate, [and] concerns the discovery of assets or business dealings, or the existence and disposition of property." Fed. Dep. Ins. Corp. v. McFarland (In re McFarland), 197 B.R. 222, 224 (Bankr. E.D. Va. 1995). In other words, the monetary value of the false statement or omission is not dispositive; rather, a statement or omission is material if it adversely affects the ability of the trustee or creditors to fully discover the debtor's assets and financial condition. See Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 251 n.19 (4th Cir. 1994).

In this case, the bankruptcy court properly found that Jalajel had omitted certain jewelry from his schedules, and had also significantly undervalued other assets, such as his Rolex watch.[3] See Dkt. No. 2 at Ex. 18 ["Bankr. Mem. Op."] at 6-7. The court also properly concluded that those omissions and false valuations were made knowingly and fraudulently, or at the very least with reckless indifference to their truth or falsity. Id. (citing Nat'l

---

[3] In fact, Jalajel even concedes that his "estimation of the value of the jewelry" was "admittedly low." Appellant's Br. at 3.

4

Post Office Mail Handlers v. Johnson (In re Johnson), 139 B.R. 163, 166 (Bankr. E.D. Va. 1992) (holding that reckless indifference to the truth can also constitute fraud sufficient to deny a debtor his discharge)). Fraudulent intent can be inferred from circumstantial evidence, and in this case, the bankruptcy court found that it could be inferred from the facts that: (1) Jalajel paid substantial sums - almost $120,000.00 - for his jewelry, and had already sold some of that jewelry for significant amounts of money, yet undervalued the jewelry on his schedules; and (2) with respect to the Rolex watch, Jalajel knew its brand and knew or should have known that its value was at least $3,000.00, yet listed it only as "watch" and valued it at only $100.00. Id. at 7; see also Dkt. No. 2 at Ex. 11 (list of Jalajel's jewelry, including purchase prices totaling $119,056.60, and pawned prices totaling $10,625.00).

The bankruptcy court fully considered the arguments that Jalajel now advances, including his arguments that he had no fraudulent intent, that he relied on the advice of counsel regarding the "fair market" valuation of his property,[4] and that

---

[4] Appellant's brief argues that "[Jalajel] was unclear on how to place garage sales values on his property and when he gave estimates to his counsel, Steven Ramsdell, Mr. Ramsdell questioned his amounts which confused Mr. Jalajel which created inaccuracies on his bankruptcy schedules. (See emails provided to the court submitted with the Designation of issues)." See Appellant's Br. at 2. However, those e-mails are not properly before this Court because they were not introduced into evidence at the trial below and were never considered by the bankruptcy judge; they therefore can form no part of the record before this Court.

his misstatements and omissions were de minimis and therefore immaterial. See Bankr. Mem. Op. at 7-9. The Court, however, properly rejected all of those arguments, finding that Jalajel had made no meaningful investigation into the actual value of the jewelry, such as by having it inventoried or appraised, and that he had actual knowledge of the higher value of the jewelry based upon the prices he had received in the sales of some of those pieces - information which he then failed to share with his counsel, thereby frustrating his counsel's ability to advise him. Id.

Moreover, there is no de minimis exception to 11 U.S.C. § 727(a)(4)(A) or to the Bankruptcy Code's disclosure requirements. See Dean v. McDow, 299 B.R. 133, 140 (E.D. Va. 2003). Here, the bankruptcy court correctly concluded that the false statements and omissions in Jalajel's schedules were material because they related to the value of his estate and interfered with the ability of his creditors and the bankruptcy trustee to accurately evaluate his assets and investigate his financial holdings.[5] Under these

---

[5] Jalajel's citations to Blair v. Fotso (In re Fotso), No. 05-29843PM, 2007 Bankr. LEXIS 3813, at *18-22 (Bankr. D. Md. Nov. 5, 2007), along with other out-of-district cases holding that false statements that do not have any effect on the estate are not grounds for denial of a discharge, are therefore inapposite. In Blair, for example, the court simply held that a debtor's failure to disclose pre-petition income was not a material misstatement because proper disclosure would not have lead to assets or income to benefit creditors. In this case, however, a proper valuation of the jewelry in the estate would have yielded assets to be distributed among the creditors to the estate. Moreover, under governing Fourth Circuit law, the mere fact that the amount of undisclosed assets was small in comparison to the creditors' overall claims does not relieve Jalajel of his

6

circumstances, and on this record, there was no clear error in the bankruptcy court's factual findings, nor any error in that court's conclusions of law, that would justify reversal of the decision to deny Jalajel a discharge.

B. Fraudulent Conveyances and Concealment

Under 11 U.S.C. § 727(a)(2)(B), a debtor may be denied a discharge if he, "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property . . . has transferred, removed, . . . or concealed, or has permitted to be transferred, removed . . . or concealed . . . property of the estate, after the date of filing of the petition." In this case, the bankruptcy court concluded that Jalajel engaged in several fraudulent post-petition transfers or conversions of his property, amounting to a total of approximately $11,000.00 in jewelry sales, and that he knowingly concealed other property by failing to disclose its existence or its full and accurate value in his schedules. See Bankr. Mem. Op. at 2; 6-7; 9-10.

A review of the record reveals no clear error in the bankruptcy's court's factual findings, and those facts clearly support a conclusion that Jalajel forfeited his right to a discharge pursuant to 11 U.S.C. § 727(a)(2)(B) as a result of his

---

obligation to "accurately and diligently divulge the state of his financial affairs." Dean, 299 B.R. at 140; see also Farouki, 14 F.3d at 251 n.19 (holding that statements or omissions can qualify as false oaths under 11 U.S.C. § 727(a)(4)(A) even if they relate to potentially worthless assets); Williamson v. Fireman's Fund Ins. Co., 828 F.3d 249, 252 (1987) (same).

fraudulent conveyances and concealment of assets. Jalajel's unsupported assertions that he "did not transfer or conceal the jewelry with an intent to defraud the trustee or creditors," see Appellant's Br. at 7, are inconsistent with the evidence and were properly rejected by the bankruptcy court.[6] The bankruptcy court's denial of a discharge was therefore proper.

## IV. Conclusion

For all these reasons, the order of the United States Bankruptcy Court for the Eastern District of Virginia denying appellant a discharge will be affirmed, and this appeal will be dismissed by an Order to be issued with this Memorandum Opinion.

Entered this 8th day of April, 2011.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

---

[6] Notably, Jalajel failed to submit a transcript of the trial proceedings in the bankruptcy court. Appellant bears the burden to demonstrate that the bankruptcy court's findings of fact were clearly erroneous, and to present information which this Court could consider to determine whether the findings of fact were accurate; that responsibility includes providing the Court with an adequate transcript. See In re Crystal Beach Manor, 649 F.2d 213, 215-16 (4th Cir. 1981). Having failed to do so, Jalajel cannot impeach the bankruptcy court's findings of fact merely by making his own conclusory assertions in his brief.